UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTEZ ROSEMAN WOODS,

    Plaintiff,

        v.                              CAUSE NO. 3:25-CV-127 DRL-SJF

RIAZ *et al.*,

    Defendants.

## OPINION AND ORDER

Martez Roseman Woods, a prisoner without a lawyer, filed a vague complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Woods alleges that, on January 29, 2023, Officer Riaz yelled over the range that Mr. Woods had provided information about another inmate. Mr. Woods says that he has been threatened, assaulted, and discriminated against since Officer Riaz labeled him as a snitch, but Mr. Woods doesn't provide any details regarding the alleged threats, assaults, or discrimination. He also alleges that, because of Officer Riaz's comments and the events they caused, he's having suicidal and homicidal thoughts.

Mr. Woods appears to be raising a failure to protect claim. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Mr. Woods hasn't identified any specific attack, threat, or discrimination that Officer Riaz failed to protect him from, and he hasn't explained why he believes there is a link between Officer Riaz's comment in January 2023 and the threats, attacks, and discrimination that allegedly occurred after the comment was made.

Mr. Woods has also named Ron Neal and Mark Newkirk in their official capacities. He seeks injunctive relief, but it's unclear what exactly he's seeking. He wants a

preliminary injunction "from officials of IDOC failing to protect plaintiff from imminent threats or dangers to his person," (ECF 1 at 7), but he hasn't described any imminent threats or attacks. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, the complaint doesn't state a claim, so Mr. Woods can't demonstrate that he's likely to succeed on the merits. The request for a preliminary injunction contained in his complaint will be denied. However, because Mr. Crain indicates he's having suicidal and homicidal thoughts, the clerk will be ordered to provide Warden Ron Neal with a copy of the complaint and this order so he can take appropriate steps to address Mr. Crain's mental health needs.

This complaint doesn't state a claim for which relief can be granted. If Mr. Woods believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He

needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DENIES the request for preliminary injunctive relief contained in Martez Roseman Woods' complaint (ECF 1);

(2) DIRECTS the clerk to email or fax a copy of this order and the complaint (ECF 1) to Warden Ron Neal;

(3) GRANTS Martez Roseman Woods until **March 14, 2025**, to file an amended complaint; and

(4) CAUTIONS Martez Roseman Woods that, if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

February 14, 2025          *s/ Damon R. Leichty*
                            Judge, United States District Court